ELIZABETH CURRAN, Appellant, v. CITY OF ST. JOSEPH.

**Division One, April 1, 1915.**

1. **STREET: Recognition By City: Duty to Repair.** The mere act. of the dedication of a street, and the approval thereof by the municipality, do not, without more, impose on the city the duties as to maintenance and repair which are cast upon it by law whenever it appropriates a street to public use. But these obligations do arise the moment the city, with or without such formalities, devotes the highway to the uses of the public by recognizing it as open for travel, or invites the public to use it as a street; and such recognition by it may be shown either by direct or by circumstantial evidence.

2. ———: ———: ———: **Facts Showing Recognition.** Where there was evidence tending to show that, prior to plaintiff's injuries resulting from a fall into a hole or gully in the street, the street had been dedicated to the city and the city authorities had thereafter caused rolling machines to be run over the roadway part of the street in both directions therefrom; that there were telephone poles on each side of the street, and an electric light was suspended across it; that the sidewalk space on one side had been planked over by the abutting property-owners, and on the other side was marked a pathway covered with cinders, and that said sidewalk spaces were used by the neighboring residents and the public generally, though not improved by the city; and that notice of the hole or gully in the cinder path had been given to the city authorities prior to the accident, and they had promised to mend it, there was sufficient evidence of a recognition of the street by the city as a public highway to carry to the jury the question of the duty of the city to repair the hole or gully and to maintain the path in a condition of safety for pedestrians.

3. ———: ———: **Injury to Pedestrian: Demurrer.** Where there is substantial evidence of the recognition of the street as a highway open for public travel, and that plaintiff, in the exercise of proper care, in walking along a cinder path in the sidewalk space, about six or seven o'clock of a December evening, fell into an oblique wash or gully running across the cinder path out into the street, which was about eighteen inches wide and a foot deep, and sustained a fracture of her thigh, it is error to sustain a demurrer to the evidence in her suit against the city for damages.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick,* Judge.

REVERSED AND REMANDED (*with directions*).

*Mytton & Parkinson* for appellant.

(1) The court erred in sustaining and giving, at the request of the defendant city, the instruction "to find for defendant." Benton v. St. Louis, 217 Mo. 687; Drimmel v. Kansas City, 180 Mo. App. 351. (2) The decision in the case of Curran v. St. Joseph, 143 Mo. App. 618, is in direct conflict with the law as given in the case of Benton v. St. Louis, 217 Mo. 687. (3) The

law as applied and given in an opinion by the Court of Appeals does not become the law of the case on an appeal to the Supreme Court, where the opinion is in direct conflict with a former opinion of the Supreme Court, and where manifest and far-reaching error has been committed. Hamilton v. Marks, 63 Mo. 172; Wilson v. Beckwith, 140 Mo. 369.

*Frank B. Fulkerson, L. E. Thompson* and *Hermann Hess* for respondent.

The trial court did not commit error in sustaining defendant's demurrer, because: That part of Harvard street on which plaintiff fell had never been improved by the city of St. Joseph, or thrown open by it for use by the public, either expressly or impliedly. Hunter v. Weston, 111 Mo. 184; Kassman v. St. Louis, 153 Mo. 299; Downend v. Kansas City, 156 Mo. 60; Ely v. St. Louis, 181 Mo. 723; Curran v. St. Joseph, 143 Mo. App. 618; Benton v. St. Louis, 217 Mo. 687. The mere dedication and acceptance of Harvard street as a public street did not cast upon the city the duty of keeping it in repair. Downend v. Kansas City, 156 Mo. 60.

## STATEMENT.

This suit was tried in 1909, and resulted in a verdict for plaintiff for personal injuries sustained in falling into a hole or gully in front of a residence known as No. 204 Harvard street, St. Joseph, Missouri. The circuit court sustained a motion for a new trial, from which ruling plaintiff appealed, the amount being within its jurisdiction, to the Kansas City Court of Appeals, which tribunal affirmed the ruling of the trial court and remanded the cause to the circuit court of Buchanan county. On the re-trial, that court gave a peremptory direction to the jury to return a verdict for defendant. From a judgment in accordance plaintiff has appealed to this court, for the reason that the amount claimed in her petition exceeds the pecuniary

limit of the jurisdiction of the Kansas City Court of Appeals. The only question presented is whether plaintiff made a case for the jury on the second trial. So much of the evidence as is material to its consideration will be stated and reviewed later.

## OPINION.

BOND, J. (After stating the facts as above.) — While the mere act of the dedication of a street and approval thereof, by a municipality, does not, without more, impose upon it the duties as to maintenance and repair which are cast upon a city by law whenever it *appropriates* a street to the use of the public, yet these obligations do arise the instant a city, with or without such formalities, devotes a highway to the uses of the public by recognizing it as open for travel, or invites the public to use it as a street. And such acts on its part may be shown either by direct or circumstantial evidence. [1 Elliott on Roads and Streets (3 Ed.), secs. 167, 168, 170; Benton v. City of St. Louis, 217 Mo. l. c. 703, and cases cited; Ely v. St. Louis, 181 Mo. l. c. 729; Drimmel v. Kansas City, 180 Mo. App. l. c. 351.]

In the case at bar, the testimony for plaintiff tended to show that prior to her injuries, Harvard street had been dedicated to the city of St. Joseph and the city authorities thereafter had caused rolling machines to be run over the roadway part of said street extending on both sides of the residence on the south side of said street, where she resided at the time of the accident; that there were telephone poles and electric light poles on each side of the street, and an electric light suspended across the street west of the house in which plaintiff lived; that the sidewalk space on the north side of the street had been planked over by the property holders who resided there; that the sidewalk space on the south side of the street, where the plaintiff lived, was marked by a pathway in front of her house

and two other adjoining houses which was covered with cinders. While there was no evidence that the city improved either of the sidewalk spaces in question, yet there was evidence tending to show that the sidewalk spaces on both sides of the street were used not only by the residents but by the public generally, including children on their way to school, and persons making deliveries to the houses situated there. The evidence further tended to show that plaintiff was injured about six or seven o'clock on the evening of December 17, 1907. She had crossed the street to make some inquiries about the time a Burlington train would go to Omaha, Nebraska. After completing the errand she returned, and after having crossed the street and mounted the cinder path she fell into an oblique wash or gulley running across the cinder path out in the street, which was about eighteen inches wide and a foot deep, and sustained a fracture of her thigh; there was evidence tending to show that notice of this hole in the sidewalk and street had been given to the city authorities prior to the accident, and they had promised to mend the same. These and other circumstances fully set forth in the record in this case, afforded the basis of an admissible inference that the city after its acceptance of the dedication of the street had instructed its officers to appropriate it as a public highway by the constructive work done thereon and had permitted the residents on both sides of the street and the public generally to make use of the sidewalk spaces for the purpose of travel and ingress and egress to the houses bordering the sidewalks. The dedication plat shows that the street was laid off to a width of fifty feet, which was marked by the building lines enclosing houses on both sides.

It follows under the rule above stated that the learned trial court erred in sustaining a demurrer to the case made on behalf of plaintiff and directing a ver-

dict for the defendant.  The judgment herein is therefore reversed and the cause remanded, with directions to proceed in a manner not inconsistent with this opinion.  All concur.